**Ogletree**
**Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Attorneys at Law

1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Aaron Warshaw
212.492.2509
aaron.warshaw@ogletreedeakins.com

June 5, 2017

**Via ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   ***Sherriann Barecchio v. Capital One Bank*, 17-cv-2257 (JMA) (SIL)**

Dear Judge Azrack:

We represent Defendant Capital One Bank, N.A. ("Capital One" or "Defendant"), incorrectly named herein as Capital One Bank, in the above-captioned matter commenced by *pro se* Plaintiff Sherriann Barecchio ("Barecchio" or "Plaintiff"). Barecchio brings claims of age and disability discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Pursuant to Your Honor's Individual Rule IV.B, we write to request a pre-motion conference regarding Capital One's anticipated motion to dismiss Plaintiff's Complaint in its entirety.

A.   Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

Prior to commencing this action, Plaintiff filed her age and disability discrimination and retaliation claims in the New York State Division of Human Rights ("NYSDHR"). Notably, the NYSDHR issued a No Probable Cause Determination (the "NYSDHR Determination") dismissing the Complaint in full. The NYSDHR Determination is attached hereto as Exhibit A.

It is well-settled that an individual who files a complaint with the NYSDHR waives her right to pursue claims under the NYSHRL and NYCHRL in court. *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011) (election of remedies provisions of NYSHRL and NYCHRL barred all claims plaintiff brought in federal court under those statutes) (*citing McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n. 3 (2d Cir. 2010) ("[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim.") (internal citation and quotation marks omitted)); *see also* N.Y.S. Executive Law § 297(9); N.Y.C. Admin. Code § 8–502(a). The election of remedies bar is jurisdictional, such that claims dismissed pursuant to it must be dismissed under Rule 12(b)(1). *Grays*, 2017 WL 2240227, at *3; *see also Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002) (*quoting Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). This Court is therefore required to dismiss each of Barecchio's claims brought pursuant to the

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Detroit Metro • Greenville
Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis • Mexico City (Mexico) • Miami • Milwaukee • Minneapolis
Morristown • Nashville • New Orleans • New York City • Oklahoma City • Orange County • Paris (France) • Philadelphia • Phoenix • Pittsburgh • Portland • Raleigh • Richmond
St. Louis • St. Thomas • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Stamford • Tampa • Toronto (Canada) • Torrance • Tucson • Washington

Case 2:17-cv-02257-JMA-SIL   Document 11   Filed 06/05/17   Page 2 of 3 PageID #: 34

Hon. Joan M. Azrack, U.S.D.J.
June 5, 2017
Page 2

**Ogletree**
**Deakins**

NYSHRL and NYCHRL because she elected to pursue her discrimination and retaliation claims before the NYSDHR.

      B.     <u>Failure to State A Claim Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

Under Rule 12(b)(6), any claims should be dismissed where a plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the Complaint, the Court may take judicial notice of NYSDHR records – such as the NYSDHR Determination – because they are public records. *Uwakwe v. Bridging Access to Care, Inc.*, 2017 WL 1048070, at *3 (E.D.N.Y. Mar. 16, 2017) (*citing Evans v. New York Botanical Garden*, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002)) (taking judicial notice of NYSDHR determination to dismiss claims in part).

          1.     Barecchio's Title VII Claims Must Be Dismissed

As a preliminary matter, although Barecchio alleges age and disability discrimination under Title VII, Title VII only proscribes discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1); *see also Risco v. McHugh*, 868 F. Supp. 2d 75, 107 (S.D.N.Y. 2012) ("Title VII does not prohibit discrimination on the basis of disability."); *Pocino v. Culkin*, No. 09-CV-3447 (RJD) (RLM), 2010 WL 3516219, at *2 (E.D.N.Y. Aug. 31, 2010) ("Title VII does not prohibit discrimination on the basis of age"). Barecchio's Title VII claims alleging age and disability discrimination therefore must be dismissed as a matter of law.

          2.     Barecchio's ADEA and ADA Claims Must Be Dismissed

The detailed findings in the NYSDHR Determination preclude Barecchio from re-litigating those claims as a matter of fact and law. Under New York law, the quasi-judicial determinations of administrative agencies will be awarded preclusive effect "when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law." *Evans*, 2002 WL 31002814, at *5 (*citing Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 499 (1984)). Here, the NYSDHR issued, and the EEOC adopted, a dismissal of each of Barecchio's claims.

In its Determination, the NYSDHR conducted a thorough investigation and found that there was no evidence to support Barecchio's age discrimination claim. (Ex. A.) Indeed, during her interview with the NYSDHR investigator, Barecchio admitted that she was never directed by her manager, Corey Balcarcel ("Balcarcel"), to engage in the job tasks that she asserts were due to her age. (*Id.* at 2.) Moreover, during the NYSDHR's interview of the witness proffered by Barecchio to corroborate her age discrimination claims, the witness claimed she was treated "very well" and "her age was never an issue." (*Id.*) Barecchio's witness also denied ever hearing Balcarcel refer to employees as "Millennials," as Barecchio has alleged. (*Id.*) Based upon these facts established during its investigation, the NYSDHR dismissed Barecchio's age discrimination claim.

The NYSDHR also dismissed Barecchio's disability discrimination claim. Although Barecchio asserted that she was not provided an accommodation for her medical condition (Diabetes) because due to Balcarcel's "lax" managerial style, which did not include a lunch schedule, the NYSDHR held that Mr. Balcarcel's alleged "lax" managerial style was not

Case 2:17-cv-02257-JMA-SIL   Document 11   Filed 06/05/17   Page 3 of 3 PageID #: 35

Hon. Joan M. Azrack, U.S.D.J.
June 5, 2017
Page 3

**Ogletree**
**Deakins**

discriminatory in nature. (*Id.*) Further, Barecchio admitted that she did not submit any medical documentation describing any accommodations that she needed. (*Id.*) As such, the NYSDHR determined that there was no evidence supporting Barecchio's disability discrimination claim.

Lastly, the NYSDHR dismissed Barecchio's retaliation claim because she never complained of discrimination or engaged in any protected activity. Although Barecchio alleged that she filed an internal complaint regarding one of her co-workers who supposedly told her to go home and shoot herself, the NYSDHR determined that this was not a complaint of discrimination because the co-worker's alleged comment was not discriminatory in nature. (*Id.* at 1.) As such, the NYSDHR determined that Barecchio did not engage in a protected activity and cannot avail herself of a retaliation claim as a matter of law.

For each of these reasons, the NYSDHR concluded that Barecchio merely asserted that "she was terminated unfairly for a personal reason. However, personal conflicts are not a covered basis" under the law. (*Id.* at 2.) That finding precludes Barecchio's claims herein. Indeed, Barecchio has already had a full and fair opportunity to litigate her claims before the NYSDHR, and her claims in this action merely repeat the same allegations. As such, Barecchio has not stated, and she cannot state, any plausible claim upon which relief may be granted, and her Complaint must be dismissed in its entirety under Rule 12(b)(6). *See Evans*, 2002 WL 31002814, at *5.[1]

In light of the foregoing, Defendants respectfully request a pre-motion conference to address their anticipated motion to dismiss Plaintiff's Complaint in its entirety.

Thank you for Your Honor's consideration of this request.

                                            Respectfully submitted,

                                            OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.

                                            By /s Aaron Warshaw
                                               Aaron Warshaw
                                               Nicole A. Welch

cc:    Sherriann Barecchio (via overnight mail)

30045033.3

---

[1] Even assuming, *arguendo*, that Barecchio is not precluded from bringing her claims in this Court, she cannot establish a *prima facie* case of age and disability discrimination or retaliation under the ADEA and ADA for substantially the same reasons as stated above. *See Ferrante v. Am. Lung Ass'n*, 90 N.Y.2d 623, 629 (1997) (setting forth elements of *prima facie* case under the ADEA); *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008); *Bielski v. Green*, 674 F. Supp. 2d 414, 422 (W.D.N.Y. 2009) (setting forth elements of *prima facie* case under the ADA); *Missick v. City of N.Y.*, 707 F. Supp. 2d 336, 356 (E.D.N.Y. 2010) (*citing McMenemy v. City of Rochester*, 241 F.3d 279, 282–83 (2d Cir. 2001) (setting forth elements of *prima facie* case of retaliation under ADEA and ADA).